1

2

3

4                                                             Hon. John C. Coughenour

5

6                        UNITED STATES DISTRICT COURT
7              WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8  J. DAN FIORITO, JR., and BARBARA J.
   FIORITO, husband and wife and the marital
9  community comprised thereof,                    No. 2:19-cv-01760-JCC-JRC

10           Plaintiffs,                            DEFENDANTS MADSEN, KNEPPERS
                                                   & ASSOCIATES, INC. AND DAVID
11      vs.                                        NORTHALL'S MOTION FOR
                                                   PROTECTIVE ORDER TO QUASH
12  BANKERS STANDARD INSURANCE                     RENEWED DEPOSITIONS
    COMPANY; MADSEN, KNEPPERS &
13  ASSOCIATES, INC.; and DAVID                    NOTE ON MOTION CALENDAR:
    NORTHALL,                                      APRIL 17, 2020
14
             Defendants.
15

16                           **I.  RELIEF REQUESTSED**

17          Defendants Madsen, Kneppers & Associates, Inc. and David Northall (collectively

18  "MKA") move for a protective order pursuant to Fed. R. Civ. P. 26 to quash the renewed

19  deposition of MKA and Michael Bischof on the grounds that plaintiffs have already conducted

20  a Fed. R. Civ. P. (30)(b)(6) deposition of MKA.  Further, the topics in the renewed Fed. R. Civ.

21  P. (30)(b)(6) deposition notice of MKA are overly burdensome, and not calculated to lead to

22  the discovery of admissible evidence.  MKA also moves for protective order pursuant to Fed.

23  R. Civ. P. 26 on the grounds that deposing Michael Bischof is unduly burdensome, and not

24  reasonably calculated to lead to the discovery of admissible evidence.  In the alternative, MKA

25  DEFENDANTS MADSEN, KNEPPERS &
    ASSOCIATES, INC. AND DAVID NORTHALL'S
    MOTION FOR PROTECTIVE ORDER TO QUASH
    RENEWED DEPOSITIONS - 1
    2:19-cv-01760-JCC-JRC
    Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
    Northall's Motion For Protective Order To Quash Renewed Depositions

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2   requests this court stay any discovery addressed to it until this court rules on its pending motion

for summary judgment.

3

## II.  STATEMENT OF FACTS

4

5       Plaintiffs deposed David Northall on February 11, 2020.  Declaration of Dylan J.

Johnson at Exhibit 1.  Plaintiffs also conducted a Fed. R. Civ. P. 30(b)(6) deposition of MKA

6

on February 19, 2020. Johnson Dec. at Ex. 2.  Thereafter, plaintiffs deposed Banker Standard's

7

8   Fed. R. Civ. P. 30(b)(6) representative on February 20, 2020.  *Id*. at Ex. 3.  After these

depositions, it became undisputed that MKA never performed any estimates of the Fiorito loss,

9

or performed any cash value determinations of the Fiorito loss.  Mr. Northall testified that he

10

did not serve as an estimator for the Fiorito project; nor did he determine the costs of any items

11

that went into the renovation.   Northall Dep. (Johnson Dec. at Ex. 1). at 15-17.   Bankers

12

Standard's  Fed. R. Civ. P 30(b)(6) representative, Mr. Ben Hinrichs,  testified that he never

13

instructed Mr. Northall to conduct a cost analysis of the water-loss related damages to the

14

residence.   Bankers Standard Dep. (Johnson Dec. at Ex. 3) at 99.   Mr. Hinrichs also never

15   instructed Mr. Northall to price the items in the Marquiss invoices.  *Id*. at 99.

16       On March 13, 2020, plaintiffs' counsel sent a letter to MKA's counsel to provide notice

17   that plaintiffs were re-noting MKA's deposition.   Plaintiffs allege that MKA's 30(b)(6)

18   designee did not come to the deposition with documents, and was not the most knowledgeable

representative for issues related to request for proposals from insurance companies, and various

19

metrics for estimating property losses.   The renewed notice came with five additional

20

categories for MKA's renewed deposition that were not present in the original Fed. R. Civ. P.

21

22   30(b)(6) notice. Johnson Dec. at Ex. 4.  On February 19, 2020, MKA completed production of

all documents responsive to plaintiffs' discovery requests.  *Id*. at Ex. 5.

23

24

25

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 2
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

**L E E · S M A R T**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2          Additionally, Mr. Bischof serves as the senior estimator for MKA, and he resides in

3    Atlanta, Georgia.  He does not conduct business in Washington State.  Due to the COVID-19

4    pandemic, Mr. Bischof faces a substantial burden to travel to Seattle for the deposition

5    scheduled on April 15, 2020.  On March 25, 2020, Governor Jay Inslee's stay-at-home order

6    went into effect.  Governor Inslee's stay-at-home order is scheduled to be in effect until at least

7    May 4, 2020.

8          MKA did not consent to being re-deposed in this matter; nor have plaintiffs sought

9    leave from the court to re-depose MKA.  MKA emailed plaintiffs' counsel its objections to the

10   deposition notice on March 31, 2020.  Johnson Dec. at Ex. 6.  The substance of the objections

11   are as follows:

12         1.    The testimony sought on all topics is duplicative of other discovery, and MKA

13   has produced all documents in its possession related to consulting services it provided to

14   Bankers Standard for the Fiorito loss.

15         2.    Overly broad, there is no time specified for the scope of these topics.  It is overly

16   burdensome and will not lead to discovery of admissible evidence for MKA to search for

17   records for records and documents related to consulting services it provided for all insurance

18   carriers.

19         3.    The information and documents sought are proprietary and production would

20   undermine confidential business relationships formed by MKA.  Production of documents

21   requested would also be in violation of the existing stipulated protective order.  (Dkt. 23).

22         4.    Calls for expert opinions which are beyond the scope of a factual based

23   testimony.

24         5.    Topics are not calculated to lead to the discovery of admissible evidence.

25         6.    Topics call for impermissible lay opinion.

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 3
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

7.      Topics are beyond what Deponent MKA would be expected to know as a corporation/organization.

8.      Topics infer a legal duty or facts that do not exist. .

*Id*. at Ex. 5.  A discovery conference between counsels for plaintiffs and MKA occurred on April 3, 2020 in order to meet and confer with regards to plaintiffs' renewed depositions. Johnson Dec.

On March 19, 2020, MKA filed its motion for summary judgment on the grounds that plaintiffs' cannot claim MKA owed them any duties.  (Dkt. 25).  Because plaintiffs have no cognizable claim against MKA or Mr. Northall, MKA expects to prevail on its motion.

### III.  STATEMENT OF ISSUES

Whether this court should enter a protective order in order to quash the renewed Fed. R. Civ. P. 30(b)(6) deposition of MKA and Michael Bischof?

Whether this court in the alternative should enter a protective order in order to stay all discovery made to MKA until this court has ruled on its motion for summary judgment?

### IV.  EVIDENCE RELIED UPON

The Declaration of Dylan J. Johnson and exhibits attached thereto, and the docket on file with the court.

### V.  AUTHORITY

**A.      Standards for protective orders establish that good cause for a protective order is warranted.**

Under Fed. R. Civ. P. 26(b), the Court may deny discovery in the interests of justice to protect a party or person from annoyance, oppression, or undue burden or expense.  The court has power to limit or deny discovery that is overbroad and burdensome.  Fed. R. Civ. P. 26(b)(2)(C).  The orders may include that the discovery not be had; that certain matters not be

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 4
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
inquired into, that the scope of the discovery be limited to certain matters.  Fed. R. Civ. P.
26(b).

3
4
5
6
Protective orders are issued on a showing of good cause.  Good cause is established if
the moving party shows that any of the harms spoken of in the rule are threatened and can be
avoided without impeding the discovery process.  See *Seattle Times Co. v. Rhineart*, 467 U.S.
20, 104 S.Ct. 2199, 81 L.Ed.2d. 17 (1984).

7
8
**B.      Plaintiffs are in violation of Fed. R. Civ. P. (30)(a)(2).**

9
10
11
12
Plaintiffs have already deposed MKA on February 19, 2020.  Presently, they seek to re-
depose MKA's representative.  MKA did not provide its consent to be re-deposed; nor did
plaintiffs seek leave of this court to re-depose MKA.  Fed. R. Civ. P. (30)(a)(2) provides that a
party may only re-depose another party if deponent party provides consent, or the court grants
leave of the deposing party.  Fed. R. Civ. P. (30)(a)(2).  Here, plaintiffs failed to do so.

13
14
**C.      The court should strike additional topics proposed by plaintiffs.**

15
16
17
18
19
20
21
22
23
24
25
The Court should strike topics 8-12 because MKA has already produced all documents
that are relevant to the consulting services it provided Bankers Standard; and the topics are
wholly unrelated to services MKA provided Bankers Standard.   When a party has the facts and
documents necessary to address topics in a Fed. R. Civ. P 30(b)(6) deposition notice, the court
should strike the topics because they are duplicative and a waste of time. *Haukereid v. National
R.R. Passenger Corp*., 816 F.3d 527 (8th Cir. 2016) (District Court did not abuse discretion by
denying motion to compel Amtrak to produce a deposition witness to testify about accidents
involving passengers where the record already contained the evidence.)   See also, *Club v.
BNSF Ry. Co*., No. C13-0967-JCC, 2016 WL 4528452, at *4 (W.D. Wash. Aug. 30, 2016)
(issuing a protective order for CR30(b)(6) deposition about facts already disclosed because
deposing a Rule 30(b)(6) witness on this topic would fail to produce any new or meaningful

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 5
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax  206.624.5944

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

information.)  For example, plaintiffs ask for testimony about MKA's documents related to estimates and actual cash value of losses.  In the depositions of MKA, David Northall, and Bankers Standard, all parties testified that MKA did not perform an estimate in this matter. Further, as discussed in MKA's motion for summary judgment, plaintiffs have no cognizable claim for aiding and abetting insurance bad faith.  Thus, it is a waste of time to depose MKA on issues for which it does not have any information, and for which all defense parties confirmed have no relevance to this case.

> **D.     To the extent that topics seek expert opinion, or facts beyond the knowledge of MKA, the court should enter an order that such questions need not be answered.**

Several topics in the notice of deposition appear to be calling for expert opinion.  MKA is a legal entity which can provide facts but not opinions.  A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery.  *Club v. BNSF Ry. Co.,* No. C13-0967-JCC, 2016 WL 4528452, at *3 (W.D. Wash. Aug. 30, 2016), citing, *Boyer v. Reed Smith, LLP*, 2013 WL 5724046, at *3 (W.D. Wash. Oct. 21, 2013) (adopting a determination that a Rule 30(b)(6) witness ought not respond to questions on the basis that they sought expert opinion).  The court should order that defendants not ask any questions which call for expert opinions on the standards of care for consultants to insurance carriers, or any issues related aiding and abetting insurance bad faith.

> **E.     The deposition of Michael Bischof would be unduly burdensome, and would not be proportional to the needs of the case.**

Fed. R. Civ. P 26(b)(1) allows discovery of non-privileged that is relevant to a party's claim and proportional to the needs of the case.  Mr. Bischof serves as the executive manager for MKA, and as the lead estimator.  Presumably, plaintiffs want to depose Mr. Bischof to

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 6
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

investigate more into MKA's use of estimates in attempt to argue MKA conducted an estimate of the Fioritos's loss. However, it is undisputed that MKA never conducted an estimate in this matter. Mr. Bischof will not be able to provide any more information regarding the very narrow scope of the consulting services MKA provided Bankers Standard.

Further, plaintiffs did not comply with Fed. R. Civ. P. 45(c) when they issued the subpoena to testify at a videotaped deposition. The subpoena to testify commands Mr. Bischof to appear to plaintiff's counsel's office in Seattle on April 15, 2020. Mr. Bischof resides in Atlanta, Georgia. Accordingly he does not reside within 100 miles of deposition location; nor does he conduct substantial business in Washington State. *See* Fed. R. Civ. P. 45(c)(1). Plaintiffs cannot also argue that because Mr. Bischof is an officer at MKA, he is obligated to testify under Fed. R. Civ. P. 45(c)(1)(B)(i). As discussed, plaintiffs already deposed MKA's designated representative. Deposing Mr. Bischof would be duplicative.

Mr. Bischof would also be forced to travel to Seattle during the COVID-19 pandemic. Any travel would require Mr. Bischof to risk his personal health, and it is uncertain if he will even be able to obtain a flight due to market restrictions or potential government restrictions limiting domestic travel. On March 25, 2020, Washington Governor Inslee's stay-at-home order went into effect, and will remain in effect at least until May 4, 2020.

**F.    Plaintiffs seek proprietary business information in their renewed discovery requests.**

Plaintiffs seek all contracts or agreements between MKA and Bankers Standard and its affiliates; including instructions from Bankers Standard to MKA regarding the manner MKA should perform its consulting work. MKA has produced all correspondences and instructions with regards to the Fiorito loss. Any efforts to obtain additional discovery regarding MKA's other business dealings with Bankers Standard and its affiliates would be in violation of the

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 7
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

current stipulated protective order.  Plaintiffs also seek all documents related to MKA's advertising to insurance companies.  Not only is that request not relevant and overly burdensome, it seeks proprietary business information.  Lastly, plaintiffs seek all documents related to the calculation of actual cash value.  Johnson Dec. at Ex. 4.  MKA cannot produce confidential business information from other clients.  Further, as discussed, MKA never calculated the actual cash value of plaintiffs' loss.

**G.**   **In the alternative to issuing a protective order to quash these depositions, this Court should enter an order staying further discovery directed to MKA until this Court rules on MKA's motion for summary judgment.**

The court has inherent power to stay its proceedings where the interest of justice so requires. *King v. Olympic Pipeline Co*., 104 Wn.App. 338, 350, 16 P.3d 45 (2000) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Every court has an inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' *King*, 104 Wn.App. at 350 (quoting *Landis*, 299 U.S. at 254–55). A court of general equity jurisdiction 'may grant and enforce its decrees in such manner as the justice of the particular case requires.' *State ex rel. Burrows v. Superior Court for Chehalis County*, 43 Wn. 225, 228, 86 P. 632 (1906).

Here, MKA has a pending motion for summary judgment.  Plaintiffs' claims against MKA are not rooted in law or fact.  MKA anticipates to prevail on its motion.  It is within a trial court's discretion to stay one motion until another motion can be decided which might make the first motion moot.  *See e.g., Sheehan v. Cent. Puget Sound Reg'l Transit Auth*., 155 Wn.2d 790, 807, 123 P.3d 88, 97 (2005) (trial court retained discretion, for purposes of judicial economy, to delay ruling on a motion for class certification until after hearing dispositive cross-

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 8
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

motions for summary judgment).  While here there is not a contemporaneous motion, because MKA is likely to prevail on its motion for summary judgment, this court should exercise its discretion and stay discovery until this court issues its ruling on MKA's motion for summary judgment.

**H.      Conclusion.**

This court should quash the renewed deposition of MKA, and the deposition of Michael Bischof.  Plaintiffs did not comply with federal rules of civil procedure.  Further, these depositions are overly burdensome, and will be duplicative to discovery that has already been completed.  In the alternative, MKA requests this court stay discovery until the court has ruled on its motion for summary judgment.

Respectfully submitted this 7th day of April, 2020.

LEE SMART, P.S., INC.


By: _/s/ Dylan J. Johnson_____
     Steven G. Wraith, WSBA No. 17364
     Dylan J. Johnson, WSBA No. 54147
     Of Attorneys for Defendants Madsen,
     Kneppers & Associates, Inc. and David
     Northall

DEFENDANTS MADSEN, KNEPPERS &
ASSOCIATES, INC. AND DAVID NORTHALL'S
MOTION FOR PROTECTIVE ORDER TO QUASH
RENEWED DEPOSITIONS - 9
2:19-cv-01760-JCC-JRC
Fiorito - Defendants Madsen, Kneppers & Associates, Inc. And David
Northall's Motion For Protective Order To Quash Renewed Depositions

**L E E · S M A R T**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7790 · Toll Free 877.624.7790 · Fax 206.624.5944