1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

J. DAN FIORITO, JR. *et al.*,

Plaintiffs,

v.

BANKERS STANDARD INSURANCE
COMPANY *et al.*,

Defendants.

CASE NO. 2:19-cv-01760-JCC-JRC

REPORT AND
RECOMMENDATION

NOTED FOR:  JULY 3, 2020

This matter has been referred to the undersigned Magistrate Judge pursuant to General

Order 02-19 and Local Magistrate Rule MJR 6.  *See* Dkt. 10.

This matter is before the Court on its *sua sponte* Order to Show Cause why this case

should not be dismissed for lack of diversity jurisdiction.  *See* Dkt. 38.  This case is an insurance

dispute related to coverage for damages to plaintiffs' home on Mercer Island in Washington

State after it sustained water damage.  *See* Dkt. 1-1, at 1–2.  Plaintiffs commenced this action

against defendants Bankers Standard Insurance Company ("Bankers Standard"); Madsen,

Kneppers & Associates, Inc. ("MKA"), and David Northall ("Northall") (collectively

1  "defendants") in the Superior Court of the State of Washington for King County.  *See* Dkts. 1, at

2  2; 1-1, at 1.  Defendants removed this case to federal court on the basis of diversity jurisdiction,

3  claiming that Northall, a Washington State resident, was fraudulently joined to this action in

4  order to destroy diversity jurisdiction.  *See* Dkt. 1, at 2–3.

5          Plaintiffs allege that Northall, acting as and performing tasks of an insurance adjuster,

6  acted in bad faith when he created a report that was designed to underpay plaintiffs on their

7  insurance claim with Bankers Standard, and which subsequently caused Bankers Standard to

8  refuse payment to plaintiffs on their insurance claim.  Having reviewed the parties' briefs in

9  response to the Order to Show Cause, the Court finds that plaintiffs have stated a viable cause of

10 action against Northall for insurance bad faith under Washington State common law.  Because

11 plaintiffs assert a viable cause of action against Northall, a non-diverse defendant, this Court

12 cannot say that plaintiffs' claim has no possibility of success under Washington State law.

13 Accordingly, defendants have failed to carry their burden to establish the existence of federal

14 jurisdiction based on the fraudulent joinder of non-diverse defendant Northall.  Therefore, the

15 Court recommends remanding this action to the Superior Court of the State of Washington for

16 King County.

17                              **BACKGROUND**

18         On September 17, 2019, plaintiffs commenced this action in the Superior Court of the

19 State of Washington for King County.  *See* Dkts. 1, at 2; 1-1, at 1.  In their complaint, plaintiffs

20 allege that they own a home on Mercer Island in Washington State. Dkt. 1-1, at 1.  Plaintiffs

21 allege that they filed an insurance claim with their insurer, Bankers Standard, after their home

22 sustained water damage.  *See id.* at 3.  Plaintiffs allege that Bankers Standard engaged "building

23 consultant[s]" MKA and Northall, "for the purpose of a low-balled adjustment of the repair

24

1    expenses" for plaintiffs' home. *Id.* at 5–6. During the relevant period, Northall was employed

2    by MKA. *Id.* at 2. Plaintiffs' further allege that Northall was actually hired to act as an adjuster,

3    and performed tasks of an adjuster, regarding their pending insurance claim with Bankers

4    Standard. *Id.* at 5–6. However, plaintiffs allege that Northall was not an expert qualified to

5    adjust the loss, he was not licensed as an adjustor or contractor, and he was not given proper

6    training for adjusters required under Washington State law. *Id.* at 5. Plaintiffs further allege

7    "that based on a document created by [] Northall that was designed to underpay the [plaintiffs']

8    claim," Bankers Standard "refused to pay [plaintiffs'] insurance claim." *Id.* at 5–6.

9         Based on his alleged involvement in the disputed claims handling, plaintiffs assert six

10   State law causes of action against Northall for "[i]nsurance bad faith; [a]cting as an adjuster

11   without a license and with no proper training in violation of RCW 48.17.380 and WAC 284-17-

12   123; [n]egligent claims handling; [v]iolation of the [Washington] Consumer Protection Act,

13   RCW 19.86; [c]onstructive fraud; and [n]egligent misrepresentation." *See id.* at 10.

14        On October 30, 2019, Bankers Standard, on behalf of all defendants, removed the action

15   to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§1332, 1441(a). *See*

16   Dkt. 1. In support of the notice of removal, Bankers Standard states, on information and belief,

17   that plaintiffs are residents of the State of Idaho who own real property in the State of

18   Washington. *See* Dkt. 1, at 2. Defendant Bankers Standard further alleges that it is a citizen of

19   the Commonwealth of Pennsylvania, defendant MKA is incorporated under the laws of Colorado

20   with a principal place of business in California, and defendant Northall is a resident of the State

21   of Washington. *See id.* at 2–3. Defendants assert that even if plaintiffs are "residents" of the

22   State of Washington, diversity jurisdiction still exists because defendants MKA and Northall are

23   fraudulently joined. *See id.*

24

1    On March 19, 2020, defendants MKA and Northall filed a motion for summary

2    judgment.  *See* Dkt. 25.  In their motion, defendants MKA and Northall state that "[w]ithout []

3    Northall, complete diversity exists between plaintiffs and defendants," also noting that plaintiffs

4    did not file a response in opposition to defendant Bankers Standard's notice of removal.  *Id.* at 6.

5    In response to the motion for summary judgment, plaintiffs maintain that they have actionable

6    claims against both MKA and Northall.  *See* Dkt. 31, at 15–18.

7    On April 27, 2020, this Court *sua sponte* ordered all parties to show cause why this case

8    should not be dismissed for lack of diversity jurisdiction, specifically ordering the parties to

9    address the allegations of fraudulent joinder.  *See* Dkt. 38.

10                                                 **DISCUSSION**

11    In response to the Order to Show Cause (Dkt. 38), Bankers Standard provided no

12    additional support for its allegation that plaintiffs are not residents of Washington.  Instead, it

13    seems to concede that there is a lack of complete diversity between plaintiffs and defendants.

14    Instead, it argues that plaintiffs' claim against Northall for acting in insurance bad faith fails as a

15    matter of law; therefore, Northall was fraudulently joined to this action and this Court has

16    jurisdiction because there is complete diversity between plaintiffs and the remaining defendants.

17    *See* Dkts. 39, at 3–10; 43, at 2–10.  MKA and Northall join in Bankers Standard's response.  *See*

18    Dkts. 40, 44.

19    **I.    Diversity Jurisdiction**

20    A defendant may remove "any civil action brought in a [s]tate court of which the district

21    courts ... have original jurisdiction."  28 U.S.C. § 1441(a).  Diversity subject matter jurisdiction

22    requires (1) complete diversity of state citizenship between all plaintiffs and all defendants, and

23    (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v.*

24

1   *Lewis*, 519 U.S. 61, 68 (1996).  The party asserting diversity jurisdiction bears the burden of

2   establishing that federal jurisdiction is proper.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d

3   606, 613–614 (9th Cir. 2016).

4          In the notice of removal, defendants allege that Northall is a Washington State resident

5   and, upon information and belief, that plaintiffs are residents of the State of Idaho.  *See* Dkt. 1, at

6   2–3.  However, in response to the Court's Order to Show Cause (Dkt. 38), plaintiffs aver that

7   they are Washington State citizens.  *See* Dkts. 41, at 6–7; 42.  Defendants provided no more

8   information on this issue.  Thus, there does not appear to be diversity between plaintiffs and

9   Northall under 28 U.S.C. § 1332(a), which would ordinarily mean this Court lacks subject-matter

10  jurisdiction.  Despite the lack of complete diversity between the parties, defendants assert that

11  federal subject matter jurisdiction is proper because plaintiffs fraudulently joined Northall to this

12  action.  *See* Dkts. 39, 43.

13      **II.    Fraudulent Joinder**

14         There is an exception to the requirement of complete diversity where a non-diverse

15  defendant has been fraudulently joined or is a sham defendant.  *See Hunter v. Philip Morris*

16  *USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "Joinder is fraudulent [i]f the plaintiff fails to state a

17  cause of action against a non-diverse defendant, and the failure is obvious according to the

18  settled rules of the state."  *Id.*

19         There is a general presumption against fraudulent joinder, and the removing party must

20  establish that federal jurisdiction is proper by "clear and convincing evidence."  *Hamilton*

21  *Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  In determining

22  whether a defendant has been fraudulently joined, the district court is not limited to the plaintiff's

23  pleadings.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  The defendant

24

1    seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent.

2    *See id.*

3         When removal is based on fraudulent joinder, the Court must remand the action to state

4    court as long as there is a "*possibility* that a state court would find that the complaint states a

5    cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by &*

6    *through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (citing *Hunter*, 582 F.3d at 1046) (emphasis

7    added). This is closer to an analysis under Rule 12(b)(1) where "wholly insubstantial and

8    frivolous" claims may be dismissed for lack of federal question. *Id.* (quoting *Bell v. Hood*, 327

9    U.S. 678, 682-83 (1946)). However, a plaintiff need not go so far as to withstand a motion to

10   dismiss under Rule 12(b)(6) and prove that the complaint *plausibly* states a claim against a

11   defendant. *See id.* Doubt concerning whether the complaint states a cause of action is resolved

12   in favor of remanding the case to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

13   Cir. 1992); *Zuniga v. Standard Guaranty Ins. Co.*, Case No. C17-5176RBL, 2017 WL 2266243,

14   at *1 (W.D. Wash. May 24, 2017) (citing *Albi v. Street & Smith Publications*, 140 F.2d 310, 312

15   (9th Cir. 1944)).

16        In this case, the Court notes that plaintiffs did not oppose defendants' removal. *See* Dkt.

17   However, because fraudulent joinder of a non-diverse defendant impacts subject matter

18   jurisdiction, the Court may address the issue *sua sponte*, and "[i]f at any time before final

19   judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

20   remanded." 28 U.S.C. § 1447(c); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S.

21   567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to

22   jurisdictional requirements."); *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021 (9th Cir.

23

24

REPORT AND RECOMMENDATION - 6

1    2007) ("[W]e are obliged to raise questions of the district court's subject-matter jurisdiction *sua*

2    *sponte*") (internal citation omitted).

3    **III.    Insurance Bad Faith**

4    Defendants argue that plaintiffs' claim that Northall acted in insurance bad faith in

5    violation of state law fails as a matter of law because there is no quasi-fiduciary relationship

6    between plaintiffs and Northall and because there is no statutory private cause of action under

7    RCW 48.01.030.

8    Under Washington State law, there is a common law *and* statutory duty of good faith

9    imposed on the insurance industry.  *See* RCW 48.01.030 ("requiring that all persons be actuated

10   by good faith, abstain from deception, and practice honesty and equity in all insurance matters");

11   *Merriman v. Am. Guaranty & Liab. Ins. Co.*, 396 P.3d 351, 359–60 (Wash. Ct. App. 2017)

12   (stating that the duty of good faith has been imposed on the insurance industry Washington State

13   case law *and* statute).  Although plaintiffs in this case do not explicitly state whether they are

14   pursuing common law and / or statutory claims of insurance bad faith against Northall, plaintiffs

15   assert that they have a viable common law claim against Northall for acting in insurance bad

16   faith.  *See* Dkts. 1-1, at 10; 41, at 8.

17   In *Keodalah v. Allstate Ins. Co.*, the Washington Supreme Court held that RCW

18   48.01.030 does not create an implied cause of action for insurance bad faith in that case, and

19   therefore, a plaintiff could not maintain a cause of action for statutory insurance bad faith against

20   an employee claims adjuster.  *See* 449 P.3d 1040, 1046 (Wash. 2019).

21   However, the Court's analysis of plaintiffs' claim against Northall for acting in insurance

22   bad faith does not end because plaintiffs argue that *Keodalah* does not preclude plaintiffs'

23   *common law* claim for insurance bad faith.  *See* Dkt. 41, at 8 (citing *Leonard v. First Am. Prop.*

24

*& Cas. Ins. Co.*, Case No. 3:19-cv-06089-RBL, 2020 WL 634430 (W.D. Wash Feb. 11, 2020)).

Defendants respond that Washington State law has "limited bad-faith tort claims to the insurer-

insured relationship." *See* Dkt. 39, at 4 (citing *Keodalah*, 449 P.3d at 1047). Defendants further

argue that Northall owes no duty of good faith to plaintiffs because there is no quasi-fiduciary

relationship between these parties. *See id.* (citing *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d

1133 (Wash. 1986); *St. Paul Fire & Marine Ins. Co. v. Onvia Inc.*, 196 P.3d 664 (Wash. 2008)).

In *Merriman v. American Guarantee & Liability Insurance Co.*, a Washington State

Court of Appeals held that an insurance adjuster may be sued for common law insurance bad

faith. *See* 396 P.3d at 360. There was no express analysis of a common law claim for insurance

bad faith in *Keodolah*, so the Washington Supreme Court did not expressly or impliedly overrule

*Merriman*'s holding. This Court recently came to a similar conclusion when evaluating the

possibility of a common law claim for insurance bad faith in *Leonard v. First American Property*

*and Casualty Ins. Co.*, 2020 WL 634430 (finding possible and remanding a common law claim

of insurance bad faith against a corporate insurance adjuster and its employee contracted as the

insurer's agent).

Although the *Keodalah* court stated that "this court has limited bad-faith tort claims to the

context of the insurer-insured relationship," the court did so in its discussion of a plaintiff's

alleged *per se* violations of the CPA based on RCW 48.01.030. *Keodalah*, 449 P.3d at 1047

(citing *Tank*, 715 P.2d at 1136). The *Keodalah* court did not extend this analysis of *per se* CPA

violations to the plaintiff's claim for insurance bad faith, nor did it analyze the plaintiff's

common law claim. *See id.* at 1045–47, 1049 (Yu, J., dissenting) (Justice Yu stated, "I would []

hold that [plaintiff's] complaint states a viable cause of action for common law insurance bad

faith against [the employee claims adjuster], an issue the majority fails to address.").

The other cases cited by defendants do not address the adjuster-insured relationship at issue in this case.  In *Tank v. State Farm Fire & Casualty Co.*, the Washington Supreme Court held that "third party claimants may not sue an *insurance company* directly for alleged breach of duty of good faith under a liability policy."  715 P.2d at 1139 (emphasis added).  However, *Tank* involved the application of the duty of good faith to an *insurer*; and the court did not address whether a plaintiff (the insured) may sue an individual claims adjuster for an alleged breach of the duty of good faith.  *See id; see also Murray v. Mossman*, 355 P.2d 985, 987 (Wash. 1960) (addressing only the lack of duty of good faith between an *insurer* and a third-party claimant).

In *St. Paul Fire & Marine Insurance Co. v. Onvia Inc.*, the Washington Supreme Court stated that "[t]he duty of good faith between an *insurer and insured* arises from a source akin to a fiduciary duty" and noted that Washington State law consistently imposes the duty of good faith on the insurance industry.  196 P.3d at 667 (citing *Tank*, 715 P.2d at 1136) (emphasis added).  However, the *St. Paul* court did not address whether insured plaintiffs may assert claims of insurance bad faith against claims adjusters or their employees.  *See id.*

Additionally, there is at least some Washington State case law indicating that an adjuster or agent may owe a duty of good faith to a third party and may be held liable on similar common law grounds.  *See Keodalah*, 449 P.3d at 1051–52 (Yu, J., dissenting) (citing *Tank*, 715 P.3d at 1136) ("[O]ther precedent suggests that claims adjusters do owe the insured a common law duty of good faith as a matter of Washington law."); *Centurion Props. III, LLC v. Chicago Tit. Ins. Co.*, 375 P.3d 651, 655 (Wash. 2016) (observing that the court has extended a professional duty of care to third parties when the third party is an intended beneficiary, when the third party relied on a professional's representations under a theory of negligent misrepresentation, or when a professional is best able to mitigate risk); *Annechino v. Worthy*, 290 P.3d 126, 130 (Wash. 2012)

1   (stating that "[a]n employee or agent is personally liable to a third party harmed by his or her

2   tortious conduct, even if that conduct occurs within the scope of employment or agency.");

3   *Merriman*, 396 P.3d at 361 (finding that an adjuster may be held liable for negligent

4   misrepresentation and negligent claims handling, in addition to insurance bad faith).  In

5   considering relevant case law, and in the absence of clarity from Washington State courts, this

6   Court cannot say that plaintiffs have obviously failed to state a claim according to the settled

7   rules of Washington State.  *See Hunter*, 582 F.3d at 1043.

8       Because Washington State law may support a common law cause of action for insurance

9   bad faith against an insurance adjuster, the Court cannot say there is no possibility that plaintiffs

10  would not succeed in asserting a common law claim of insurance bad faith against Northall if he

11  was indeed acting as an insurance claims adjuster.  *See Grancare, LLC*, 889 F.3d at 549.  More

12  importantly, the state court should be deciding this issue.  Not the federal court, which in this

13  instance would be interpreting state law.  Accordingly, defendants have not carried their burden

14  of establishing by "clear and convincing evidence" that Northall was fraudulently joined in this

15  action.  *Hamilton Materials, Inc.*, 494 F.3d at 1206.

16      For this reason, the Court recommends remanding this matter to the Superior Court of the

17  State of Washington for King County.

18                              **CONCLUSION**

19      For the reasons set forth above, the Court recommends that this action be remanded to the

20  Superior Court of the State of Washington for King County.  In view of this recommendation,

21  the Court recommends denying as moot defendants MKA and Northall's motion for summary

22  judgment (Dkt. 25), motion for protective order to quash renewed depositions (Dkt. 28), and the

23  parties' stipulated motion to extend certain pre-trial deadlines (Dkt. 35).

24

1     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

3  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

5  of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

6  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit

7  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 3, 2020,**

8  as noted in the caption.

9     Dated this 15th day of June, 2020.

10

11

12

13  J. Richard Creatura
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24