THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J. DAN FIORITO JR., and BARBARA J. FIORITO, husband and wife and the marital community comprised thereof,<br><br>                Plaintiffs,<br>    v.<br><br>BANKERS STANDARD INSURANCE COMPANY *et al.*,<br><br>                Defendants. | CASE NO. C19-1760-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' objections (Dkt. No. 47) to the report and recommendation (Dkt. No. 46) of the Honorable J. Richard Creatura, United States Magistrate Judge. Having considered the parties' briefing and the relevant record, the Court hereby OVERRULES Defendants' objections, APPROVES and ADOPTS Judge Creatura's report and recommendation, and REMANDS this case for the reasons explained herein.

**I.     BACKGROUND**

On December 9, 2015, Plaintiffs' home was seriously damaged when a water tank on the third floor failed. (Dkt. No. 1-1 at 4.) Plaintiffs filed a claim for the damage with their insurer, Defendant Bankers Standard Insurance Company, and hired contractors to repair the home. (Dkt. No. 1-1 at 4–5.) Allegedly, Bankers Standard never questioned the repairs as they were

proceeding. (*See id.* at 5.) But once the repairs were complete, Bankers Standard purportedly hired Defendants David Northall and Madsen, Kneppers & Associates, Inc. "for the purpose of a low-balled adjustment of the repair expenses." (*Id.* at 6.) According to Plaintiffs, neither Madsen nor Northall were qualified or licensed to act as adjusters. (*Id.* at 6.) Yet Northall allegedly created a document that was "designed to underpay [Plaintiffs'] insurance claim," and Bankers Standard allegedly used that document to refuse to pay the claim. (*See id.* at 5–6.)

On September 17, 2019, Plaintiffs filed suit in King County Superior Court against Bankers Standard, Madsen, and Northall. (*Id.* at 1.) Plaintiffs' complaint alleged six state law causes of action against Madsen and Northall: "A. Insurance bad faith; B. Acting as an adjuster without a license and with no proper training in violation of [Wash. Rev. Code] § 48.17.380 and [Wash. Admin. Code § 284-17-123]; C. Negligent claims handling; D. Violation of the Consumer Protection Act [("CPA")], [Wash Rev. Code ch.] 19.86; E. Constructive Fraud; and F. Negligent misrepresentation." (*Id.* at 10.)

On October 30, 2019, Bankers Standard removed the lawsuit based on diversity jurisdiction. (Dkt. No. 1 at 1.) In its notice of removal, Bankers Standard asserted that Plaintiffs are citizens of Idaho who own real property in Washington; Bankers Standard is a citizen of Pennsylvania; Madsen is a citizen of Colorado and California; and Northall is a citizen of Washington. (*See id.* at 2–3.) Bankers Standard also asserted that even if Plaintiffs are citizens of Washington, diversity jurisdiction still existed because Plaintiffs had fraudulently joined Northall. (*See id.*)

For unknown reasons, Plaintiffs never contested Bankers Standard's assertions that they were citizens of Idaho or that they had fraudulently joined Northall. But when Bankers Standard moved for summary judgment on Plaintiffs' claims against Northall, Plaintiffs responded that those claims were viable. (*See* Dkt. No. 31 at 15–18.) Judge Creatura astutely recognized that if those claims were viable, then the Court might lack diversity jurisdiction. Accordingly, Judge Creatura *sua sponte* ordered all parties to show cause why the case should not be remanded for

1 | lack of jurisdiction. (Dkt. No. 38.)

2 | In response to Judge Creatura's order, Plaintiffs said that they are citizens of Washington and reiterated that their claims against Northall are viable. (*See* Dkt. No. 41 at 1–2.) Defendants did not dispute that Plaintiffs were citizens of Washington but insisted that Washington law precludes their claims against Northall. (*See* Dkt. No. 39 at 1–3.) After carefully surveilling Washington law, Judge Creatura found that Washington courts might allow a common law claim of insurance bad faith against Northall. (*See* Dkt. No. 46 at 7–10.) Accordingly, Judge Creatura recommends that the Court remand this case for lack of subject matter jurisdiction. (*Id.* at 10.) Defendants object. (Dkt. No. 47.)

**II. DISCUSSION**

The test for fraudulent joinder is strict: "if there is a '*possibility* that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants,'" the district court must remand the case. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (emphasis in original) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). This strict test stems from "the presumption against removal." *See id.* at 549–50. The test is also meant to balance a plaintiff's right to choose where and whom they sue with a defendant's right to remove. *See* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723.1 (4th ed. 2020).

Judge Creatura concludes that the strict test for fraudulent joinder is not met here because there is a possibility that a Washington court might allow a common law claim of insurance bad faith against Northall. (*See* Dkt. No. 46 at 7–10.) Judge Creatura bases his conclusion on the following: (1) in *Merriman v. American Guarantee & Liability Insurance Co.*, 396 P.3d 351 (Wash. Ct. App. 2017), the Washington Court of Appeals held that an insured could assert a common law claim of bad faith against an insurance adjuster; (2) the Washington Supreme Court declined to explicitly overrule *Merriman* when given the chance in *Keodalah v. Allstate Insurance Co.*, 449 P.3d 1040 (Wash. 2019); (3) no other Washington Supreme Court case

expressly bars common law bad faith claims against insurance adjusters; (4) there are at least some Washington Supreme Court cases that could be read to impose a common law duty of good faith on insurance adjusters; and (5) Judge Ronald B. Leighton recently came to the same conclusion in *Leonard v. First American Property & Casualty Insurance Co.*, Case No. C19-6089-RBL, Dkt. No. 18 (W.D. Wash. 2020). (*See* Dkt. No. 46 at 7–10.)

Defendants object to Judge Creatura's conclusion on three main grounds. First, Defendants argue that *Merriman* was actually a statutory interpretation case that the Washington Supreme Court overruled in *Keodalah*. (Dkt. No. 47 at 2–3.) Second, Defendants claim that Judge Creatura's reading of *Koedalah* is "unduly narrow" because it does not give proper weight to *Keodalah*'s statement that the Washington Supreme Court "has limited bad-faith tort claims to the context of the insurer-insured relationship." (*See id.* at 1, 3–5) (quoting *Keodalah*, 449 P.3d at 1047). Finally, Defendants discuss how the Washington Supreme Court described the insurer-insured relationship and the source of the duty of good faith in cases prior to *Keodalah*. (*See id.* at 3–11.) Those cases, Defendants argue, are best read as precluding insureds from bringing common law bad faith claims against insurance adjusters. (*Id.*)

Defendants' first objection ignores half of *Meeriman*'s reasoning. While the Washington Court of Appeals held that Wash. Rev. Code § 48.01.030 imposes a duty of good faith on insurance adjusters, the court also held that "judicial decisions" and "case law" imposed that duty as well. *See Meeriman*, 396 P.3d 359–60 ("'The duty of good faith has been imposed on the *insurance industry* in this state by a long line of judicial decisions. The legislature has imposed this duty as well, having adopted [Wash Rev. Code] § 48.01.030 in 1947.") (citations omitted) (emphasis in original) (quoting *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1136 (Wash. 1986)). These references to "judicial decisions" and "case law" make *Meeriman*'s holding unambiguous: insurance adjusters have a common law duty of good faith that exists independently of Wash. Rev. Code § 48.01.030, and an insured can sue to enforce that duty. *See id.*

ORDER
C19-1760-JCC
PAGE - 4

Defendants' second objection ignores the high bar for fraudulent joinder. Defendants are correct that *Keodalah* used fairly absolute language. *See* 449 P.3d at 1047 ("[J]ust as this court has limited bad-faith tort claims to the context of the insurer-insured relationship, so has it limited CPA claims based on breach of the statutory duty of good faith."). And that language could be read to mean that common law bad faith claims can be brought only against insurers. But that reading would be *dictum* because *Keodalah* did not address common law bad faith claims, as the dissent pointed out. *See id.* at 1049 (Yu, J., dissenting). Moreover, there is at least a possibility that such *dictum* will be rejected by Washington courts. The four dissenting justices in *Keodalah* did just that—as did the Washington Court of Appeals in *Merriman*. *See Keodalah*, 449 P.3d at 1050–53; *Meeriman*, 396 P.3d at 360 (concluding that *Tank v. State Farm Fire & Casualty Co.*, 715 P.2d 1133 (1986), "does not signal any retreat from case law imposing the duty of good faith 'on the insurance industry.'").

Defendants' final objection suffers from the same flaw. It is possible that the Washington Supreme Court will survey its prior case law; conclude that the duty of good faith stems from the contractual, quasi-fiduciary relationship between an insurer and its insured; and hold that insurance adjusters sit outside of that relationship because they are not themselves a party to the contract between an insurer and its insured. However, it is also possible that the Washington Supreme Court will go the other way. Perhaps the Washington Supreme Court will conclude, like the dissent in *Keodalah* and the Court of Appeals in *Meeriman*, that prior cases impose the duty of good faith on the insurance industry as a whole. *See Keodalah*, 449 P.3d at 1050–53; *Meeriman*, 396 P.3d at 360. This might not be the best reading of those cases, but it is a possible one—as evidenced by *Meeriman* and the *Keodalah* dissent. *See Leonard*, Case No. C19-6089-RBL, Dkt. No. 18 at 4–5. And given that this reading is possible, Plaintiff did not fraudulently join Northall. *See Grancare, LLC*, 889 F.3d at 549.

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendants' objections (Dkt. No.

ORDER
C19-1760-JCC
PAGE - 5

47), APPROVES and ADOPTS Judge Creatura's report and recommendation (Dkt. No. 46), and REMANDS this case to the King County Superior Court. The Court ORDERS the Clerk to send a copy of this order to Judge Creatura and the parties.

DATED this 28th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE